UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 1:07-cr-239

v                                       HON. JANET T. NEFF

PETER J. PEGGS, et al.,

        Defendants.
_____/

## OPINION

Pending before the Court is defendant Peter Peggs' November 17, 2008 Motion for Order Setting March 15, 2009 as the Deadline for Disclosure of Evidence Pursuant to Federal Rule of Evidence 404(b) (Dkt 169). The government filed a response in opposition on December 1, 2008 (Dkt 179). Defendant filed a reply to the government's opposition on December 4, 2008 (Dkt 194). The Court heard oral argument on the motion at the status conference on December 8, 2008, at which time the Court granted the oral motion of defendants Robert Larsen, Craig Stone, and Anthony Merlo to join defendant Peggs' motion (Dkt 191). The Court took the motion under advisement. For the reasons that follow, the motion is granted.

I

The Superseding Indictment in this case (Dkt 71) charges defendants with conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and income tax evasion in violation of 26 U.S.C. § 7201. Specifically, the Superseding Indictment charges defendants, from 1995 through at least 2004, with promoting, marketing, selling, and administering fraudulent tax shelters, to wit: insurance products

such as loss-of-income (LOI), general business risk (GBR), and loss-of-license (LOL) insurance policies, which are collectively referenced in the Superseding Indictment as LOI policies. (Super. Indict. ¶ 4.)

In its November 2, 2007 Initial Pretrial Conference Summary Statement, the government indicated that it "may introduce the following 404(b) evidence – that the defendant was involved in other criminal tax shelters and will provide additional information, if any, four weeks prior to trial" (Dkt 31 at ¶ I.F). Trial is scheduled for September 15, 2009. The Criminal Case Management Order issued in this case on November 6, 2008 set July 31, 2009 as the latest date on which motions in limine will be accepted.

Defendants request that this Court order that any evidence to be offered pursuant to FED. R. EVID. 404(b) be disclosed on or before March 15, 2009. According to defendants, the United States Marshals Service requires any subpoenas in this case delivered for service to be presented by May 1, 2009. Defendants argue that six weeks is a reasonable period of time in which to determine whether the issuance of subpoenas are required in order to permit defendants to respond to the government's 404(b) evidence. Defendants contend that questions regarding the admissibility of the type of Rule 404(b) evidence apparently contemplated by the government should be resolved well in advance of trial. Defendants attach the district court decision in *United States v. Mitts,* No. 3:07-cr-40 (W.D. Ky. 2008), as evidence of a tax case in which 404(b) evidence was disclosed at least eight months before trial.

The government opposes defendants' request, proffering three reasons why notice of 404(b) evidence six months before trial is excessive. First, the government opines that many of the witnesses it believes defendants intend to call will also be called by the government in its case-in-chief.

Second, the government opines that defendants already have notice and are "well aware" of the general nature of the evidence of their involvement with fraudulent tax shelters other than the LOI policies.  In this regard, the government points out that defendants are charged with a *Klein*-type conspiracy[1] to impede and impair the Internal Revenue Service (IRS) from ascertaining, computing, assessing, and collecting the taxes of clients of defendants' entities.

For example, the government points out that defendant John Campbell's April 2008 plea agreement referenced another fraudulent tax shelter defendants allegedly promoted, marketed and implemented – a Deferred Private Annuity (DPA) product.  The government opines that the DPA evidence is intrinsic to the conspiracy count.  The government opines that many of the fraudulent aspects of the LOI and DPA are inextricably intertwined inasmuch as defendants promoted, marketed, set up, implemented, and maintained the same or similar offshore structures for the DPA clients, many of whom were also LOI clients.

Last, the government points out that if it discloses the 404(b) evidence on its proposed date of July 30, 2009, then defendants will still have two months before the defense case begins to assess the nature of the evidence.  The government disputes the weight that defendants attach to the early disclosure of 404b evidence in *Mitts*.  The government pointed out at oral argument that the early disclosure in *Mitts* was made in connection to a trial date that was eventually adjourned.  The government highlights the two cases of this circuit where a specific time limit was considered on appeal. *See United States v. Barnes,* 49 F.3d 1144, 1148 (6th Cir. 1995) (allowing disclosure of potential 404(b) evidence in the possession with intent to distribute methamphetamine case during the questioning of the trial witness providing the evidence); *United States v. French,* 974 F.2d 687, 695 (6th Cir. 1992)

---

[1] *United States v. Klein,* 247 F.2d 908 (2d Cir. 1957).

(holding that disclosure one week before trial on charges of possession with intent to distribute marijuana provided "ample opportunity before trial to prepare for the consequences of this damaging evidence").

In reply, defendants argue that the government's understanding, evaluation and opinion regarding the number of witnesses who will receive defense trial subpoenas is irrelevant and should not control any issue in this case. Defendants also express their skepticism that the prosecution witnesses will necessarily be available for the defense case.

Defendants argue that in light of the government's claim that evidence of involvement in other "tax shelters" is intrinsic to the conspiracy charged in Count One of the Superseding Indictment, early notice of what the government considers to be 404(b) evidence in this case becomes even more important.

Defendants also assert that if the government's claim that evidence of involvement in other "tax shelters" is intrinsic to the charged *Klein*-style conspiracy, then there will be little, if any, 404(b) evidence to disclose and the government would not be prejudiced by a March 15, 2009 deadline. Indeed, defendants represented in their written motion and reiterated at oral argument that the government will not be prejudiced in any way by disclosing 404(b) evidence six months before trial where the government (1) has been investigating the case since at least 2003 or 2004 and has therefore been aware of all potential 404(b) evidence since well before the October 2007 indictment was returned; (2) has tried two defendants charged with the same conspiracy and evasion charges involved here, based in large part on the same type of business deduction, *see United States v. Rozin, et al.,* 1:05-cr-139 (S.D. Ohio); (3) has secured guilty pleas from two co-defendants in this case; and (4) will not be required to actually offer 404(b) evidence simply because it is identified before trial.

II

Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts may, be admissible for purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, "provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." FED. R. EVID. 404(b). Under Rule 404(b), when a defendant requests notification of the government's intent to introduce other-acts evidence, the government must provide such notice in a reasonable form and manner. *United States v. Gonzalez,* 501 F.3d 630 (6th Cir. 2007).

The pretrial notice requirement does not extend to evidence of acts that are "intrinsic" to the charged offense. *Barnes,* 49 F.3d at 1149 (characterizing the breadth of notice required under the rule). The government has no duty to disclose evidence of other crimes or wrongs evidence intrinsic to the charged offense. *Id.* Intrinsic acts are those that are inextricably intertwined with the criminal act charged or a part of the criminal activity as opposed to extrinsic acts, which are those that occurred at different times and under different circumstances from the offense charged. *United States v. Toney,* 161 F.3d 404, 413 (6th Cir. 1998). For purposes of giving notice of "other" crimes, wrongs, or acts, the term "other" describes occurrences that are not part of the charged offense. MUELLER & KIRKPATRICK, 1 FED. EVID. (3d ed. 2008) § 4:29.

The pretrial notice requirement contains no specific time limit. Rule 404(b) is a "generalized notice provision." FED. R. EVID. 404 Advisory Committee's Note. No specific time limit is stated in recognition that "what constitutes a reasonable request or disclosure will depend largely on the circumstances of each case." *Id.* The Advisory Committee observed that the requirement for the

government to provide notice of other crimes, wrongs or acts is intended to "reduce surprise and promote early resolution on the issue of admissibility." *Id.*

Thus, the scheduling question posed by motions such as the one at bar is a case-by-case determination that rests within this Court's discretion. A court's determination may properly lead to scheduling a pretrial notice date close to trial. *See, e.g., Barnes, supra; French, supra.* Conversely, pretrial notice dates scheduled further out from trial are not foreclosed. Here, given the complexity of the facts and law in this case, this Court has determined that it is reasonable to require the government to give defendants notice by March 15, 2009 of any evidence of other crimes, wrongs, or acts that are not part of the charged offenses.

As a threshold matter, the government's proposal to disclose to defendants the nature of the 404(b) evidence by July 30, 2009 is not a reasonable proposal in light of the May 1, 2009 deadline for presentation of subpoenas and this Court's own July 31, 2009 deadline for motions in limine. Again, July 31, 2009 is the latest date on which motions in limine will be accepted.[2] The government's proposed July 30, 2009 disclosure date neither reduces the prospect of surprise nor promotes early resolution on the issue of admissibility of 404(b) evidence.

In setting a six-month pretrial notice date, the Court's overriding concern is to notify defendants of evidence they might not otherwise anticipate, given the nature of the charges against them. Of particular importance to this Court's decision is the nature of the charged conspiracy, which the government concedes is a *Klein*-type conspiracy. (Resp. at 2.)

---

[2] Note that in contrast to this Court's July 31, 2009 deadline for motions in limine, which is approximately six weeks before trial, the district court in the related Ohio case, *United States v. Rozin, et al.,* 1:05-cr-139 (S.D. Ohio), required pretrial motions "of any kind" be filed approximately <u>nine months</u> before trial.

A *Klein*-type conspiracy is based upon the "defraud clause" of 18 U.S.C. § 371, which provides that "[i]f two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both."

In *United States v. Klein,* 247 F.2d 908 (2d Cir. 1957), several persons were charged with defrauding the United States by impeding and obstructing the lawful functions of the Treasury Department and concealing the nature of their business activities and source of income. The conspiracy in *Klein* involved a large number of domestic and foreign corporations, and multiple violations of the tax laws. "[T]he indictment [was] framed to make a general charge of impeding and obstructing the Treasury Department ... [with more specific allegations] as particular instances, rather than as substitute and complete allegations of the substantive crime itself." *Id.* at 916.

Similarly, in *United States v. Sturman,* 951 F.2d 1466, 1472 (6th Cir. 1991), Sturman set up a complex system of foreign and domestic organizations, transactions among the corporations, and foreign bank accounts to prevent the IRS from performing its auditing and assessment functions. The evidence showed that Sturman committed a wide variety of income tax violations and engaged in a large conspiracy to conceal income. Like the Second Circuit in *Klein,* the Sixth Circuit in *Sturman* found that no provision of the Tax Code covered the totality and scope of the conspiracy. Sturman's acts were not a conspiracy to violate specific provisions of the Tax Code but a conspiracy to prevent the IRS from ever being able to enforce the Code against him. The Sixth Circuit concluded that "[o]nly the defraud clause can adequately cover all the nuances of a conspiracy of the magnitude this case addresses." *Id.* at 1473.

Here, too, in the first paragraph of the conspiracy charged in this case, the government alleges that defendants Peggs, Larsen and Merlo, "[f]rom in or around April 1995 up to and through the date of the Superseding Indictment," and defendant Stone, "from at least August 1999 up to and through the date of the Superceding [sic] Indictment," "did unlawfully and knowingly combine, conspire, confederate and agree together and with unindicted co-conspirators both known and unknown to the Grand Jury, to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating, through dishonest and deceitful means, the lawful functions of the IRS to ascertain, compute, assess, and collect the federal income taxes of the U.S. taxpayer clients of [Security Trust Insurance Company, Ltd.] STIC, [Financial Resources Group] FRG, [Caribbean Association of Benefits Enhancements, Ltd.] CABEL and [NASCO Corporate Finance, Inc.] NASCO, among others." (Super. Indict. ¶ 28.)

How wide a net the charged *Klein*-type conspiracy intends to cast is not clear. Defendants assert that any act relevant to the time period 1995 to date that will be used to show that defendants conspired to "impede, impair, obstruct and defeat" "the lawful function of the IRS" may therefore be admissible as evidence intrinsic to the charge. (Reply at 6.)

Last, it cannot be over emphasized that compounding the possibility for surprise in this case is the complex nature of the evidence against defendants. Defendants represent that the government has produced over 200,000 pages of documents to date and will produce several thousand additional pages of discovery at some point before trial. Defense counsel describes the management and analysis of these documents as "daunting" and the preparation for witness examination as "challenging." (Mot. at 3.) Acknowledging the extended and complex nature of this case, the Sixth Circuit established a case budget under the Guidelines for the Administration of the Criminal Justice Act and Related Statutes, ¶¶

2.22B(4), 6.02F, to provide defendants' appointed attorneys with interim payments. Trial, which will begin nearly two years after this case was initiated, is expected to last several weeks. Defendants assert that the government's witnesses will include IRS Special Agents, financial planning consultants, certified public accountants, and attorneys. Mindful that evaluation of the 404(b) evidence (or the lack thereof) will be an onerous task, the Court is convinced that disclosure of any 404(b) evidence by March 15, 2009 will facilitate a wise use of resources available to appointed counsel in preparing their cases.

In short, given the nature of the charges and evidence against defendants, the Court has agreed to set a six-month pretrial notice date in an effort to reduce the prospect of surprise and promote early resolution on the issue of admissibility of 404(b) evidence. This Court therefore sets March 15, 2009 as a reasonable time for the government to disclose the general nature of any evidence it intends to introduce at trial as admissible under Federal Rule of Evidence 404(b). An Order consistent with this Opinion will enter.

Date:  January 14, 2009                              /s/ Janet T. Neff
                                                           JANET T. NEFF
                                                           United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                  Case No. 1:07-cr-239

v                                                HON. JANET T. NEFF

PETER J. PEGGS, et al.,

        Defendants.

_____/

## **ORDER**

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that the Motion for Order Setting March 15, 2009 as the Deadline for Disclosure of Evidence Pursuant to Federal Rule of Evidence 404(b) (Dkt 169) is GRANTED.

Date:  January 14, 2009                               /s/ Janet T. Neff
                                                          JANET T. NEFF
                                                          United States District Judge