UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v

PETER J. PEGGS,
ROBERT D. LARSEN,
and CRAIG M. STONE,

    Defendants.
_____/

Case No. 1:07-cr-239

HON. JANET T. NEFF

## OPINION AND ORDER

On October 20, 2009, defendants Peggs, Larsen and Stone were found guilty by a jury of one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371. The jury also found defendants Peggs and Larsen guilty of two counts of income tax evasion in violation of 26 U.S.C. § 7201. The Court ordered defendants to surrender for service of their sentences at the institution designated by the Bureau of Prisons before 2:00 p.m. on July 15, 2010 (Dkts 540-42). Now pending before the Court are defendants' motions for release on bond pending their appeals to the Sixth Circuit Court of Appeals (Dkts 539, 543, 548). The government has filed a response in opposition (Dkt 550). None of the parties requested a hearing on the motions. Being fully familiar with the trial court record and having carefully considered the parties' motion briefs, the Court determines that a hearing is unnecessary and that the motions are properly denied.

The Bail Reform Act, 18 U.S.C. § 3143(b), "creates a presumption against release pending appeal." *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002). Section 3143(b) provides

that "the judicial officer *shall* order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, *unless* the judicial officer finds – (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; *and* (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in – (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b) (emphases added). Defendants bear the burden of justifying their release on bail following conviction. *See United States v. Vance,* 851 F.2d 166, 168-69 (6th Cir. 1988) (citing *United States v. Pollard,* 778 F.2d 1177 (6th Cir. 1985)).

The government does not dispute defendants' position on the first required finding, that defendants are not flight risks or dangers to their communities. Neither the government nor defendants discuss the first part of the second required finding, whether defendants' appeals are for purposes of delay. The parties' focus is the propriety of this Court finding that defendants' appeals raise any substantial questions of law or fact. *See United States v. Thompson,* No. 87-5579, 1987 WL 44453, *1 (6th Cir. Sept. 30, 1987) ("The burden of proof lies with the defendant, and if the court finds against him on any one of these criteria, he will be detained.").

Defendants collectively delineate the following eight potential appellate issues:

1. Whether the Court erred in denying Defendant's request to require that Christopher Savage testify live, at trial.

2. Whether the Court erred in denying Defendant's challenges for cause of certain prospective jurors who voiced concerns about "offshore activity."

3. Whether the Court erred in allowing Deverita Sturdivant to provide expert testimony when the Government provided no notice of such testimony to the defense.

4. Whether the Government engaged in prosecutorial misconduct during its cross-examination of Defendant.

5. Whether the Court erred in admitting summary exhibits where the Government failed to establish an appropriate foundation for the exhibits.

6. Whether a violation of the Speedy Trial Act occurred.

7. Whether the Court used the wrong guidelines in sentencing Defendant.

8. Whether the Court erred in denying Defendant's motion to dismiss his indictment on Statute of Limitations grounds.

An appeal raises a "substantial question" when the appeal presents a "close question or one that can go either way," and that the question is "so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Pollard,* 778 F.2d at 1182 (adopting the definition espoused by the Eighth Circuit sitting en banc in *United States v. Powell,* 761 F.2d 1227, 1233-34 (8th Cir. 1985)).

Except for one issue, discussed below, defendants do not address how these potential appellate issues raise substantial questions of law or fact, i.e., they do not explain how a different ruling on any of the issues would be likely to result in reversal, a new trial, a sentence resulting in no incarceration, or a reduced sentence. The Court therefore agrees with the government that on these issues, defendants fall far short of meeting their burden to overcome the presumption against release pending appeal. "[M]ere identification of issues does not demonstrate that an appeal establishes a substantial question entitling the defendant to release pending appeal." *United States v. Moore,* Nos. 88-5460, 88-5503, 1988 WL 63191, *1 (6th Cir. June 16, 1988).

The issue defendants discussed, the videotaped deposition of Christopher Savage presented at trial, is not a substantial question for appeal within the meaning of the Bail Reform Act. The Court fully considered the government's Motion to Present Testimony of Witness Christopher Savage Via Videoconference and, in the Alternative, to Depose Witness Pursuant to FED. R. CRIM. P. 15 (Dkt 298), holding a motion hearing on August 24, 2009 and revisiting the motion at the September 8, 2009 Final Pretrial Conference. For the reasons stated from the bench and in the Court's September 9, 2009 Order Regarding Rule 15 Deposition (Dkt 329), the Court found that the government supported its claims of exceptional circumstances and materiality and the Court therefore concluded that having the parties take Savage's deposition in the United Kingdom was in the interest of justice. The Confrontation Clause reflects a preference for face-to-face confrontation at trial, but the preference "must occasionally give way to considerations of public policy and the necessities of the case." *Maryland v. Craig,* 497 U.S. 836, 849 (1990). Granting the Rule 15 deposition was not, from this Court's perspective, a close question but one necessitated by the facts presented to the Court.

Further, Savage's deposition testimony was not so integral to the merits of defendants' convictions that it is more probable than not that reversal or a new trial will occur if the question is decided in defendants' favor on appeal. While Savage's testimony was harmful to defendants, his testimony was by no means the core of the prosecution against defendants. Rather, the evidence in support of the jury's verdict was extensive, almost to the point of being overwhelming.

In sum, even assuming defendants would not flee or pose a danger to their communities if the Court granted them bail, and even assuming that their appeals are not for purposes of delay, defendants have not established that the appeals raise a substantial question of law or fact.

Therefore, in the Court's discretion,

**IT IS HEREBY ORDERED** that defendants' motions for release on bond pending appeal (Dkts 539, 543, 548) are DENIED.


Dated: June 28, 2010                             /s/Janet T. Neff
                                                 JANET T. NEFF
                                                 UNITED STATES DISTRICT JUDGE